People *v.* Magallones.

---

## THE PEOPLE *v.* MAGALLONES.

INDICTMENT and trial in the Court of Sessions in the city and county of San Francisco, for larceny, charged to have been committed within said city and county. The evidence tended to show that the offense was there committed, and the verdict was "guilty as charged in the indictment." *Held*, that the verdict was conclusive, as to the offense being committed within the jurisdiction of said Court.

An Assistant Prosecuting District Attorney, appointed by the Board of Supervisors of the city and county of San Francisco, under the Act of April 23d, 1858, (238) is not limited in his official action to any particular class of cases. The true construction of the statute is, that he shall be Prosecuting Attorney in the Police Court, and shall assist the District Attorney in the discharge of his various legal duties.

One of these duties is the prosecution of charges before the grand jury, and if the Assistant may perform the duty, he must be deemed to be clothed with the powers and privileges necessary for that purpose. While acting for the District Attorney, his acts possess the same validity, and must be regarded in the same light, as if done by that officer in person.

It is no objection to an indictment found in said Court of Sessions, that such Assistant Prosecuting District Attorney was present during the session of the grand jury, while the charge embraced in the indictment was under consideration.

APPEAL from the Court of Sessions, city and county of San Francisco.

People *v.* Magallones.

Indictment for grand larceny, charged in the indictment to have been committed within said city and county. During the examination of witnesses before the grand jury, when the charge embraced in this indictment was under consideration, P. W. Shepheard, Assistant Prosecuting District Attorney, duly appointed by the Supervisors of said city and county, under the Act of April 23d, 1858, was present. When the defendant was called on to plead, he moved, under the third subdivision of sec. 278 of the Act of 1851, 242, to set aside the indictment, on the ground that said Shepheard was so present before the grand jury, and that he was not within the exceptions of secs. 216, 235 of the same act. Motion overruled, and the plea of not guilty; verdict, " guilty, as charged in the indictment."

Defendant appeals.

*R. H. Lloyd*, for Appellant, argued—first, that the presence of Shepheard before the grand jury, was in direct violation of sec. 216 of the Act of 1851, 235, and that the Act of April 23d, 1858, 238, authorizing the appointment of an Assistant Prosecuting District Attorney in San Francisco, confined his duties to the Police Court; second, that the evidence did not show the crime to have been committed within the jurisdiction of the Court.

*Thos. H. Williams*, Attorney General, for Respondent.

1. The verdict "guilty, as charged in the indictment," must be presumed right as to the second point made by appellant, unless he shows there was no proof that the offense was committed in San Francisco; but there was proof on this point.

2. Upon the first proposition, appellant has with him the strict letter of the law; but the application which he seeks to make of it, is against its spirit and intention.

The intention of secs. 216 and 278 of the Criminal Practice Act referred to, was two-fold, first—that the people's attorney might present the case to the grand jury in a proper manner, produce and examine witnesses, see that no improper testimony was admitted, and advise the jury as to matters of law; second, to prevent the exercise of improper influence upon the minds of jurors, and an interference with their deliberations. In carrying out this intention, it is immaterial whether the officer bearing the title of District Attorney is present, acting, or some one legally representing him.

The Act concerning District Attorneys, 64, sec. 5, declares that, if

People *v.* Magallones.

the District Attorney fails at any time to attend Court, the Court shall designate some other person to discharge his duties during his absence.

The appointee of the Court is not the District Attorney by name, and therefore, according to the view of appellant's attorney, he could not enter the grand jury room, during the deliberations of that body. He could perform all other acts of his principal, except to advise the grand jury. This cannot be law.

I contend, however, that the presence of the officer, Shepheard, in the grand jury room, was authorized by the twenty-second subdivision of sec. 1 of the Act to confer further powers on the Board of Supervisors of San Francisco. (Statutes, 1858, 235.)

That act, in general terms, authorized said Board to appoint an officer, known as the "Assistant Prosecuting District Attorney;" the powers and duties of the officer are not defined or limited, except that he shall also prosecute in the Police Court.

It follows, that he may do all which is authorized by the nature and character of his office. The intention of the Legislature was to provide the District Attorney an assistant, in all his duties. The rule is, that the intention of the Legislature, and not its language, must be executed. (*City and County of Sacramento* v. *Bird, ante.*)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

There is nothing in either of the points made by the defendant's counsel.

1. The evidence tended to show that the offense was committed within the jurisdiction of the Court, and the verdict of the jury is conclusive of the question. In addition to this, it does not appear that all the evidence is set forth in the record.

2. The Act of April 23, 1858, authorizing the Board of Supervisors of the city and county of San Francisco, to appoint an Assistant Prosecuting District Attorney, does not define specifically the duties of that officer, except that it provides that he shall be "the Prosecuting Attorney for the Police Court of said city and county." The act evidently contemplates, however, that he shall assist the District Attorney in the discharge of all his official duties. The section authorizing the appointment reads as follows: "To have power to appoint an Assistant Prosecuting District Attorney, who shall hold said office during the pleasure of said Board. The said assistant shall also be the Prosecuting Attorney for the Police Court of said city and county, and shall

receive a salary, as such assistant and Prosecuting Police Attorney, of twenty-four hundred dollars per annum, payable monthly out of the general fund, which shall be in full for all services rendered for said city and county, or for either of them." There is nothing in this section which limits the authority of this officer to any particular class of cases, and its true construction is, that he shall be Prosecuting Attorney for the Police Court, and shall assist the District Attorney in the discharge of the various duties devolving upon him by law. One of these duties is the prosecution of charges before the grand jury, and if the assistant may perform the duty, he must be deemed to be clothed with the powers and privileges necessary for that purpose. While acting for the District Attorney, his acts possess the same validity, and must be regarded in the same light, as if done by that officer in person.

Judgment affirmed.